UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**ANTHONY OUTAR,**

                          **Plaintiff,**

          -v-                                  03-CV-0916

**GRENO INDUSTRIES, INC., MICHAEL FORSLUND,
MICHAEL VANINAUSKAS, DAN PETCHEL,
MARK LONGSTAFF, JOSEPH BARONE, and
CHARLES ZIMMERMAN,**

                         **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Anthony Outar
Plaintiff, *pro se*

Honen, Wood, P.C.
Marc H. Goldberg, Esq., of Counsel
126 State Street, 5th Floor
Albany, New York 12207-1606
Attorneys for Defendants

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is plaintiff's appeal (Dkt. No. 35) from the Memorandum-Decision and Order ("Order") of United States Magistrate Judge Randolph F. Treece dated August 18, 2004 (Dkt. No. 32). In the Order, Magistrate Judge Treece granted a motion by the DeLorenzo Law Firm, LLP, to be relieved as counsel for plaintiff. He further granted defendants' motion for sanctions against plaintiff in the sum of $500. This Court notes that, despite the motion to withdraw, the DeLorenzo Law Firm submitted opposition on plaintiff's

behalf to the motion for sanctions. For the reasons set forth below, the Court affirms Magistrate Judge Treece's order in all respects.

## BACKGROUND

Plaintiff commenced this employment discrimination action under 28 U.S.C. § 1981, 42 U.S.C. § 2000 *et seq*. (Title VII), and Article 15 of the New York State Executive Law (Human Rights Law) on July 22, 2003, alleging that defendants discriminated against him on the basis of his race and national origin. During the Rule 16 Conference on November 16, 2003, defendants stated that they had initiated settlement discussions with plaintiff's counsel, but that there had been no progress because plaintiff's counsel had no authority to make a demand for settlement. Magistrate Judge Treece urged plaintiff's counsel to make a reasonable demand. The Pretrial Scheduling Order issued shortly thereafter required that the parties participate, in good faith, in the Northern District's mandatory Alternative Dispute Resolution Program ("ADR") and that they complete such participation by February 1, 2004. The parties agreed upon L. John Van Norden, Esq., as their mediator, and the mediation session was scheduled for January 12, 2004.

At the mediation session, however, plaintiff refused to participate, despite the efforts of counsel and the mediator. Magistrate Judge Treece summarizes counsels' affidavits concerning events at the mediation session, as well as plaintiff's counsel's affidavit regarding the relationship between plaintiff and his lawyer. The Order also reflects that Magistrate Judge Treece spoke with the mediator, who "confirmed that Mr. Outar was recalcitrant and refused to participate in the mediation, notwithstanding multitudinous entreaties not only from [the mediator] but from everyone present." Magistrate Judge Treece notes also that plaintiff filed an ethics complaint against his attorneys with the Appellate Division, Third Judicial Department,

Committee on Professional Standards, claiming that his lawyers had abandoned him and had not pursued the necessary legal steps to protect his rights.

On February 11, 2004, plaintiff wrote a letter to Magistrate Judge Treece regarding the mediation session and his dissatisfaction with his lawyer. He states that all those involved in the mediation were trying to "set him up"; that because he refused defendants' offer they all treated him harshly; that the mediator provided fraudulent information to the court; and that he "had a strong opinion that [his lawyers] did not file [his] case with the Federal court."

On March 4, 2004, Magistrate Judge Treece held a hearing on both motions. In his Order he summarizes the record in considerable detail.

## DISCUSSION

**Withdrawal of counsel**

In reviewing the record on the motion by the DeLorenzo Firm to withdraw from representation of plaintiff, Magistrate Judge Treece found that plaintiff would not accept the legal advice of his attorneys on many issues; that he attempted to dictate the legal strategy of his litigation; that he would not allow his attorneys to make a reasonable demand for settlement nor engage in settlement negotiations; that he subjected counsel to a vitriolic outburst; that the awkwardness of the relationship between plaintiff and counsel was obvious during the hearing; that plaintiff was sharing his file with his church elders; that plaintiff eventually admitted that he did not cooperate at the mediation session; that he persisted in complaining about his attorneys at the hearing before Magistrate Judge Treece; and that he filed a complaint against his attorneys with the Committee on Professional Standards. Magistrate Judge Treece observed that "[v]ery few attorney-client relationships can weather such an event, no matter how tough the veneer of

the attorney[,]" and concluded: "In all respects, as witnessed by this Court and others, this professional relationship is irretrievably bankrupt and should not continue under any circumstances." Based on these findings, Magistrate Judge Treece held that "the DeLorenzo Law Firm shall be permitted to withdraw from this case."

On review of this matter, this Court finds no factual or legal error. There is no basis to conclude that Magistrate Judge Treece's well-considered ruling is clearly erroneous or contrary to law. Nor does it reflect an abuse of discretion. It is affirmed.

**Sanctions**

Defendants moved for dismissal of the complaint or the imposition of costs and monetary sanctions based on plaintiff's failure to comply with the court's directive to participate in mediation. In reviewing this issue, Magistrate Judge Treece wrote:

> By now, we are very familiar with the unfortunate turn of events at the mediation session and Mr. Outar's disposition and predilections. We appreciate how inconvenient and agonizing his conduct may have been during that session for all of the other participants. Ignoring advice, cajoling, and common sense to participate at such a critical stage of any litigation should never been applauded. Certainly his conduct will not be countenanced by this Court no matter how strongly Mr. Outar may have felt aggrieved by enduring the process. Court orders are expected to be followed no matter the level of inconvenience or perceived "irrelevance."

Magistrate Judge Treece observed that dismissal of the complaint would be an excessive sanction, and turned to consider other sanctions, based on "whether Mr. Outar was substantially prepared to participate in the mediation and whether he participated in good faith." Magistrate Judge Treece continued:

> Both Mr. Outar and his attorney argue that he did not understand the process of negotiation and should not be punished for this ignorance. He protested at the hearing that no one explained the process of negotiation to him. Any confrontation of issues and facts, at any stage of a lawsuit, generates tension and bewilderment, and we understand how he may have felt "pressure[d]" during that hour meeting. Certainly we

understand his reluctance to accept the Defendants' initial offer to settle since it was $1000 short of the retainer he had already paid his attorney. Equally compelling is his desire to have his entire life fully vindicated at trial, though such prospects are misplaced. No one can deny that he suffers from a heightened level of suspicion not only of the legal process, but people in general. But all of the due considerations extended to Mr. Outar end there. His clinging ignorance of the process, refusal to listen to more knowledgeable professionals, and his level of distrust are of his own doing. The Court can be forgiving about a lot of things but not to the extent of allowing a litigant to refuse to follow the established procedures of the Court and the Federal Rules.

From the outset, Mr. Outar refused to have his attorney negotiate or speak on his behalf in terms of settlement. Consistently, he refused to negotiate or speak on his behalf, though requested repeatedly. He had hamstrung his lawyer from even providing him with a basic understanding of the purpose and benefit of negotiations and, moreover, effectively curtailing the ability to craft optional legal strategy. In essence, Mr. Outar failed to listen to the basic explanation being provided by his attorney and, thus, went to this mediation substantially unprepared. Even if he was ignorant of the process, if he went to the mediation prepared to act in good faith, he would have been more receptive to the importunes of all of the participants, including his attorney and the mediator, and would have fairly and reasonably participated in the process. The Court finds that he did not act in good faith in abiding by this Court's Order. It is evident that Mr. Outar had established an irrefutable and irreplaceable course for this litigation, independent of his attorneys, and had no intention of deviating from it, even if it runs afoul of court orders.

Although the Defendants are in all likelihood more financially established and secured than Mr. Outar, they have been disadvantaged nonetheless in that they had to spend resources to have their attorney bring this Motion. Their attorney identified thirteen hours of labor in drafting and presenting this Motion for Sanctions. In imposing sanctions, the Court shall exercise its inherent powers to evaluate and consider Mr. Outar's meager financial resources and his other personal burdens, and the ultimate utility in such an act. With all equities being weighed, the Court shall impose as costs and attorney fees the sum of $500 upon Mr. Outar to be paid to the Defendants' attorneys, Honen & Wood. The Court will stay the payment of this sanction if Mr. Outar is unemployed. However, at the latest, if Mr. Outar is successful in prosecuting this lawsuit, he is directed to pay from any settlement and/or judgment that he may receive the sanctioned sum.

Again, this Court finds no factual or legal error. There is no basis to conclude that Magistrate Judge Treece's ruling is clearly erroneous or contrary to law, nor does it reflect an abuse of discretion. To the contrary, Magistrate Judge Treece's Order reflects a thorough and

thoughtful handling of the matter.  It is affirmed.

It is therefore

ORDERED that Magistrate Judge Treece's Memorandum-Decision and Order dated August 18, 2004 (Dkt. No. 32) is affirmed in all respects.

IT IS SO ORDERED.

September 27, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge